Alfred James **WILLIAMS**, Jr., Appellant,

v.

**J. C. TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7535.

United States Court of Appeals Tenth Circuit.

Jan. 30, 1964.

Rehearing Denied Feb. 13, 1964.

Nathan Davidovich, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PICKETT and LEWIS, Circuit Judges, and KERR, District Judge.

PER CURIAM.

The petitioner, Williams, is serving a 10 year sentence in the federal penitentiary at Leavenworth, Kansas, for violation of the Narcotics Control Act of 1956. He appeals from an order dismissing his application for a writ of habeas corpus on the ground that the judgment and sentence is void.

In 1957 Williams was in custody of Texas state authorities and was serving a sentence in the Huntsville, Texas penitentiary. During this time, in the United States District Court for the Northern District of Texas, an indictment was returned charging him with the violation of the Narcotics Act. Pursuant to a writ of habeas corpus ad prosequendum, Williams was produced in the aforesaid federal court where, upon arraignment, he entered a plea of guilty to one count of the indictment. This was his second narcotics conviction. He was sentenced for a period of 10 years "to begin after defendant has finished his sentence in the State prison, at Huntsville, Texas." In April, 1959, Williams was released by the Texas state authorities and transferred to the United States Penitentiary at Leavenworth, Kansas for the service of his 10 year sentence. 26 U.S.C. § 7237 (d) (2), under which Williams was sentenced, provides:

"(2) of any offense the penalty for which is provided in subsec-

tion (a) of this section, if it is the offender's second or subsequent offense, the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply."

Petitioner presents an ingenious argument to the effect that the provision that his sentence should begin at the expiration of his Texas state sentence was, in effect, a suspension of sentence in violation of the statute, and therefore void. It is well settled that in our two systems of courts, the one which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Hall v. Looney, 10 Cir., 256 F.2d 59; Hayward v. Looney, 10 Cir., 246 F.2d 56; Wall v. Hudspeth, 10 Cir., 108 F.2d 865. When a state surrenders one of its prisoners to the federal government for the purpose of trial on charges pending there, a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal institution for service of his sentence. 18 U.S.C. § 3568; Ponzi v. Fessenden, supra; Hayward v. Looney, supra. In Werntz v. Looney, 10 Cir., 208 F.2d 102, 104, this Court said:

"It was within the power of the federal court in the first instance to sentence this petitioner and to provide that the sentence should be served concurrently or consecutively with other sentences including those which were previously imposed by other courts."

The purpose of the elimination of the right of probation, suspension of sentence or parole in the case of second offenders, as provided for in § 7237(d) (2), was to insure more severe mandatory penalties in such cases. U.S.Code, Cong. and Adm. News, 84 Cong. 2d Sess., 1956, p. 3284. It does not in any other way effect the sentencing power of the district courts. The procedure followed in this case is not unusual and the priority of jurisdictions may not be questioned by the prisoner. Hayward v. Looney, supra; Hall v. Looney, supra; Wall v. Hudspeth, supra.

Affirmed.