**H. J. JONES, Appellant,**

v.

**J. C. TAYLOR, Warden United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 7494.**

United States Court of Appeals Tenth Circuit.

Jan. 22, 1964.

Rehearing Denied March 2, 1964.

William G. Kaufman, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and KERR, District Judge.

PER CURIAM.

We have here an appeal from the denial of habeas corpus relief. Appellant Jones, a prisoner at Leavenworth penitentiary, was convicted of narcotic offenses in the United States District Court for the Eastern District of Michigan and on appeal his conviction was affirmed. Jones v. United States, 6 Cir., 309 F.2d 361, certiorari denied 374 U.S. 835, 83 S.Ct. 1884, 10 L.Ed.2d 1057. At the time of his conviction he was on parole under a Michigan state sentence. He appealed the federal conviction and posted an appeal bond. The state then took him into custody as a parole violator to serve the state sentence. After release by the state he was taken into custody on the federal conviction. This is his second application for federal habeas corpus, the first being denied and no appeal taken.

Appellant asserts that the United States lost jurisdiction to enforce sentence after it permitted the state to take him into custody. The contention has no merit. When a person is convicted of independent crimes in state and federal courts, the question of jurisdiction and custody is one of comity between the two governments and not a

personal right of the prisoner. Carson v. Executive Director, Department of Parole, 10 Cir., 292 F.2d 468; Hall v. Looney, 10 Cir., 256 F.2d 59, 60; and Mitchell v. Boen, 10 Cir., 194 F.2d 405, 407.

The trial court properly disposed of the matter without a hearing. The petition for habeas corpus raised only a question of law.

Affirmed.