Robert C. JACOBS, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8198.

United States Court of Appeals Tenth Circuit.

Aug. 26, 1965.

* By designation.

Howard K. Phillips, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen., Topeka, Kan. (Robert C. Londerholm, Atty. Gen. of Kansas, with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas, denying a petition for writ of habeas corpus filed by the appellant Jacobs, a prisoner in the Kansas State Penitentiary.

On January 7, 1958, Jacobs was sentenced to serve a term of one to ten years in the Kansas State Penitentiary for the crime of forgery. On December 18 of the same year he was released on parole. On March 16, 1959 Jacobs was arrested by state authorities as a parole violator. A few days later he was delivered to the United States Marshal for the District of Kansas for prosecution on a federal charge. Jacobs was then released on bail and was later arrested in Denver, Colorado on the same parole violator's warrant issued in March. Almost immediately he was again delivered to federal authorities and later sentenced to serve a term of four years on a federal indictment, from which sentence he was given a mandatory release in October of 1962. Whereupon, the Kansas warrant of March 1959 was again served and Jacobs was then taken into custody by Kansas state authorities who returned him to the state penitentiary to serve the remainder of his one to ten year sentence.

The validity of the Kansas sentence is not questioned, and admittedly, it has not been served. The contention here appears to be that the Kansas state authorities have lost, or waived, the right to further enforce the state sentence because of the manner in which Jacobs was released to federal authorities for prosecution after two arrests upon a parole violator's warrant. There is no merit to this contention.

Federal habeas corpus is available to a state prisoner only when he is restrained of his liberty in violation of the Constitution of the United States. 28 U.S.C. § 2241(c) (3); Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209; Oyler v. Taylor, 10 Cir., 338 F.2d 260; Hickock v. Crouse, 10 Cir., 334 F.2d 95, cert. denied 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572, rehearing denied 380 U.S. 928, 85 S.Ct. 908, 13 L.Ed.2d 817; Peterson v. Tinsley, 10 Cir., 331 F.2d 569; Bizup v. Tinsley, 10 Cir., 316 F.2d 284.

In support of the claim of waiver, United States ex rel. Howard v. Ragen, D.C.N.D.Ill., 59 F.Supp. 374, and Reickauer v. Cunningham, 4 Cir., 299 F.2d 170, cert. denied 371 U.S. 866, 83 S.Ct. 127, 9 L.Ed.2d 103, are relied upon. The Ragen case was specifically disapproved by the 7th Circuit in United States ex rel. Meiner v. Ragen, 199 F.2d 798, and the Reickauer case has no application.

Ordinarily, a prisoner who has been sentenced in both federal and state courts does not have a constitutional right to select which sentence shall be served first. Williams v. Taylor, 10 Cir., 327 F.2d 322, cert. denied 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051; Jones v. Taylor, 10 Cir., 327 F.2d 493, cert. denied 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051. This is usually determined in that "spirit of reciprocal comity and mutual assistance" as agreed upon by the state and federal officials. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. The state court sentence not having been served or discharged, Jacobs is not held in violation of his Constitutional rights.

Affirmed.