Charles Curtis **HARRIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 8485.

United States Court of Appeals
Tenth Circuit.

Feb. 24, 1966.

Rehearing Denied March 30, 1966.

Terry G. Paup, Englewood, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and LANGLEY, District Judge.

SETH, Circuit Judge.

The appellant filed a motion under 28 U.S.C.A. § 2255 with the United States District Court for the Western District of Oklahoma. Relief was denied on the ground that the same issue had theretofore been considered by the court during the course of an evidentiary hearing held upon appellant's motion filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and on the findings there made. From this denial appellant has taken this appeal which does not attack the conviction, but attacks his sentencing, resentencing, and who had custody of him.

The record shows that when appellant was arrested on a federal charge on March 22, 1962, he already had been convicted and sentenced by an Oklahoma state court, but was free on bond while his appeal from the conviction was pending in the Oklahoma Court of Criminal Appeals. He was then jailed as a federal prisoner in Federal Holdover Prison at the Oklahoma County Court House. On March 26, 1962, his conviction on the state charge had been affirmed, and the Oklahoma court issued a warrant for his arrest and return to state custody. A motion to forfeit bond was filed April 10, 1962. He thereafter in the United States District Court on April 23, 1962, waived indictment, and entered a plea of guilty to the federal charge.

On May 1, 1962, appellant was sentenced by the United States District Court on the federal charge to the custody of the Attorney General for a term of two years to start from the date of delivery. After being sentenced, he was then remanded to the custody of the marshal and was returned to the Federal Holdover Prison in the County Court House of Oklahoma County where he awaited transportation to a federal prison.

On May 3, 1962, appellant was again brought before the United States District Court to be resentenced on the same plea. An order was then entered which vacated the sentence of May 1st, and sentenced appellant again for two years to commence " * * * upon expiration or the legal release from the sentence the defendant is now serving in the Oklahoma State Penitentiary." The court ordered that appellant be surrendered to state authorities to commence serving a sentence at the Oklahoma State Penitentiary. He was so delivered the same or the following day, and was so confined until December 1, 1964. On the latter date he was delivered to federal officers and began his confinement in a federal penitentiary.

On June 10, 1965, appellant appeared again before the United States District Court pursuant to his motion under Rule 35 of the Federal Rules of Criminal Procedure. The court held an evidentiary hearing, and entered an order which vacated the sentence entered on May 3, 1962, and ordered a new sentence of one year and 362 days from date appellant was delivered to federal authorities upon his release from the Oklahoma State Penitentiary (December 1, 1964).

The appellant took the position in the trial court and here that the sentence entered on May 1, 1962, was valid, and that he served it fully while incarcerated in the Oklahoma State Penitentiary. He argues that the marshal had no authority to deliver him to state authorities under the sentence of May 3, 1962, since it was invalid because it increased the term,

and having been so delivered this constituted an implied designation of the Oklahoma State Penitentiary as the place where he was to serve his federal sentence under 18 U.S.C.A. § 4082. Thus he asserts also that the resentencing of June 10, 1965, is invalid because he had by then so served his entire federal term of imprisonment.

■ The state of Oklahoma had initial jurisdiction and custody of appellant since it had tried and sentenced him. When arrested by federal authorities appellant was under bond to the state court, and a few days after this arrest, but before any federal proceedings began, a state warrant was issued for his arrest upon the affirmance of his conviction. There is nothing to indicate that the state objected to the federal proceedings, and the federal court had jurisdiction to proceed. Stripling v. United States, 172 F.2d 636 (10th Cir.). The proceedings merely interrupted the state in retaking the appellant to begin his state sentence. The effect is no different from the instances where individuals already in state prison are tried in the federal courts, and federal prisoners in the state courts. This procedure has been upheld in many cases, including Hayward v. Looney, 246 F.2d 56 (10th Cir.); McIntosh v. Looney, 249 F.2d 62 (10th Cir.); Hall v. Looney, 256 F.2d 59 (10th Cir.); Williams v. Taylor, 327 F.2d 322 (10th Cir.); Jones v. Taylor, 327 F.2d 493 (10th Cir.). It has also been clearly established that the prisoner has no right to object to the solution of such matters of comity. Jones v. Taylor, 327 F.2d 493 (10th Cir.); Williams v. Taylor, 327 F.2d 322 (10th Cir.).

■ The United States District Court when it first sentenced appellant on May 1st had the authority, in view of the state's prior interest in the appellant, to defer the commencement of the federal sentence until the state sentence was completed. It appears however that the state sentence was not then brought to the federal court's attention, as no mention was made of it in the federal sen-

tence. At the May 3d proceedings the court did make particular reference to the state imprisonment, ordered appellant delivered to the state authorities, and such delivery was made.

The federal court on May 3d, as it did on May 1st, had the authority to transfer custody of appellant to the state as a matter of comity. The May 3d proceeding was valid at least as a transfer of custody over appellant. The prisoner was still in the custody of the marshal at the time, and the custody portion of the May 3d proceedings was effective. Appellant thereupon became a prisoner solely of the state of Oklahoma. In Hayward v. Looney, 246 F.2d 56 (10th Cir.), the sentence made no reference to the fact the prisoner was delivered to federal authorities from state custody for trial. The prisoner was then returned to the state, and it was held that the federal sentence commenced upon redelivery to a federal prison after the state sentence was served. The same result follows here under the May 1st sentence considered with the May 3d order for redelivery to state authorities.

The fact that appellant under the May 1st order was returned to a federal detention prison awaiting transportation to a federal prison has a bearing only upon the eventual length of time he was required to serve, and assuming but not deciding that the sentence portion of the May 3d proceeding was not valid, the length of time to be served under the May 1st sentence was established by the court in its order of June 10, 1965.

The custody transfer to the state on May 3d was valid, as above stated, thus the appellant was serving only his state sentence while in the Oklahoma prison. The federal court pursuant to appellant's Rule 35 motion in resentencing the appellant on June 10, 1965, acted within the terms of the Rule. Its order removed any uncertainty as to the length of the sentence, and the date when it was to commence. The length of the sentence so entered did not constitute an increase in any theretofore made.

Affirmed.