**John Chester PERRY, Petitioner,**

v.

**Charley D. CARTER and Jan Eric Cartwright, Attorney General of the State of Oklahoma, Respondents.**

**No. CIV–80–1442–D.**

United States District Court,
W. D. Oklahoma.

Dec. 30, 1980.

---

John Chester Perry, pro se.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

The petitioner, John Chester Perry, brings this pro se action under 28 U.S.C. §§ 2241 and 2254 to obtain a federal writ of habeas corpus and thereby secure his release from McLeod Correctional Center, Farris, Oklahoma, which institution is located in the Eastern District of Oklahoma. He ostensibly attacks convictions entered January 23, 1980 in the District Court of Oklahoma County, Oklahoma, where, on pleas of guilty, he was sentenced to serve 18 months for concealing stolen property and larceny of a vehicle. The petitioner asserts three grounds in support of his Petition:

1. That the State of Oklahoma violated the Interstate Agreement on Detainers Act by exceeding the 180 day limit and by denying a motion to dismiss;

2. That his state sentences were interrupted by federal custody and he should be given credit for all time served;

3. That the record of state proceedings will verify the foregoing.

Attached to the Petition is an Order denying post-conviction relief by the Court of Criminal Appeals, State of Oklahoma, where the court found as follows: (a) that petitioner waived any 180 day limitation

under the Interstate Agreement on Detainers Act by his pleas of guilty, and (b) that the fact that he was loaned to the state from federal custody and inadvertently committed to a state facility is not a justiciable defect. The Court of Criminal Appeals further found that petitioner will be entitled to credit for the time he spent in state prison before being transferred. Upon preliminary review, the Court finds there are no material issues of fact and concludes as follows:

1. The petitioner seeks to invoke the jurisdiction of this Court under §§ 2241 and 2254 although neither the petitioner nor his custodian are within the territorial boundaries of this Court. If the petitioner were actually attacking the state court judgments for constitutional infirmities, then this Court would have concurrent jurisdiction with the Eastern District of Oklahoma. § 2241(d); *United States ex rel. Ayala v. Tubman*, 366 F.Supp. 1268 (E.D.N.Y.1973). However, petitioner's first and second claims only encompass the effect of alleged violation of the Interstate Agreement on Detainers Act and priorities in the execution of state and federal sentences. His third claim for the filing of the state records of his conviction is not a cognizable separate ground or jurisdictional base in support of his Petition. In consideration of the foregoing, the Court is compelled to find that federal habeas corpus jurisdiction of the claims herein asserted is lacking where neither the petitioner nor his custodian are within the Court's jurisdiction. *Braden v. Circuit Court of Kentucky*, 410 U.S. 484, 494–495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973); *White v. State of Tennessee*, 447 F.2d 1354 (6th Cir. 1971), cert. denied, 406 U.S. 921, 92 S.Ct. 1782, 32 L.Ed.2d 121 (1972); *Rheuark v. Wade*, 608 F.2d 304 (8th Cir. 1979); *United States v. Monteer*, 556 F.2d 880 (8th Cir. 1977).

2. However, since there is an interrelationship between the jurisdictional issue and the merits of the claims, the Court has also reviewed the merits of petitioner's claims. The petitioner has invoked the provisions of the Interstate Agreement on Detainers Act to which both the United States and the State of Oklahoma are parties. 18 U.S.C.App. § 2, Articles I–IX; 22 O.S.A. §§ 1345–1349. He further contends that even though a plea of guilty was entered to the charges giving rise to said detainer, that the state violated the provisions of the Interstate Agreement on Detainers Act in not requiring that petitioner be brought to trial within 180 days after a proper request for disposition had been made. 22 O.S.A. § 1347, Article III. Contrary to petitioner's assertions, the Interstate Agreement on Detainers Act does not give rise to constitutionally protected rights, but is designed to prevent excessive interference with a prisoner's rehabilitation. A plea of guilty operates as a waiver of procedural rights otherwise accruing under the Interstate Agreement on Detainers Act. *Camp v. United States*, 587 F.2d 397, 399–400 (8th Cir. 1978); also see *Gray v. Benson*, 608 F.2d 825 (10th Cir. 1979). Further, the standard of cognizability for claims based on violations of the Interstate Agreement on Detainers Act is restricted to exceptional circumstances, not extant herein, where the need for the remedy afforded by the writ of habeas corpus is apparent. *Fasano v. Hall*, 615 F.2d 555, 558 (1st Cir. 1980).

In accordance with well recognized authorities, the petitioner has no standing to contest the agreement between federal and state authorities as to execution of the separate sentences imposed by challenging either the original removal or return to state or federal custody, and it is basically an administrative, not judicial, function to arrange for the order of punishment. *Jones v. Taylor*, 327 F.2d 493 (10th Cir. 1964), cert. denied, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964); *Jacobs v. Crouse*, 349 F.2d 857 (10th Cir. 1965); *Bullock v. Mississippi*, 404 F.2d 75 (5th Cir. 1968).

Accordingly, judgment will issue dismissing the Petition for Writ of Habeas Corpus for lack of jurisdiction.