Roger L. Williams-El, was on the motion for leave to proceed in forma pauperis, pro se.

Before MIKVA and EDWARDS, Circuit Judges, MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Roger L. Williams-El moves to proceed in forma pauperis to appeal the dismissal of his complaint by the district court. In his complaint, Williams-El states that while under federal "custody and control," at the D.C. Community Treatment Center, he committed a Maryland state crime. He was convicted in Maryland state court and sentenced to 15 years. After he served only two months of his state sentence, Maryland returned Williams-El to federal custody and filed a detainer with the federal authorities.

Williams-El claims that the detainer is "illegal" because the Maryland prison officials had no authority to return him to federal custody to serve the remainder of his federal sentence before the completion of his state sentence. Appellant also claims that prisoners with detainers lodged against them have more restrictions placed upon them. Specifically, Williams-El claims that "there remains a tendency to consider [prisoners with detainers] escape risks and to assign them accordingly." Complaint at 3.

Roger L. WILLIAMS–EL, Appellant,

v.

Norman A. CARLSON, Director, Federal Bureau of Prisons, et al.

No. 83–1306.

United States Court of Appeals, District of Columbia Circuit.

July 22, 1983.

As Amended July 22, 1983.

■ Construing appellant's complaint liberally, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we agree with the district court that Williams-El has averred no facts that would entitle him to relief. A prisoner has no cause of action "to contest the agreement between [two] sovereigns as to the order of prosecution and execution of sentences." *Bullock v. State of Mississippi,* 404 F.2d 75, 76 (5th Cir.1968); *see also Jacobs v. Crouse,* 349 F.2d 857, 858 (10th Cir.1965). In addition, prison officials have the discretion reasonably to restrict the privileges of prisoners subject to detainers. *See* 18 U.S.C. § 4081; *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976). In any event, Williams-El would most likely be serving a sentence with a detainer filed against him for an unserved sentence whether he was imprisoned in Maryland upon his Maryland state conviction or in a federal institution upon his federal conviction.

This motion for leave to proceed in forma pauperis is denied and the appeal is hereby dismissed as frivolous. 28 U.S.C. § 1915(d).

*So ordered.*