772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTHONY TERRAN WARNER, PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 85-3033
 United States Court of Appeals, Sixth Circuit.
 8/23/85
 
 N.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MARTIN, JONES and WELLFORD, Circuit Judges.
 
 
 1
 Petitioner appeals the denial of two motions to vacate his sentence under 28 U.S.C. Sec. 2255. Petitioner now moves for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of petitioner's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, a federal prisoner, pleaded guilty to two counts of armed bank robbery. Three counts were dismissed. In his first motion to vacate sentence, he alleged that the sentencing judge failed to explain that the dismissed counts would be considered by the Parole Commission and misinformed him concerning his parole eligibility, the Parole Commission considered the dismissed counts in determining parole eligibility, his parole expectations induced his guilty plea, his lawyer failed to inform him of his rights or 'protect' him, and he was not notified of the information in his presentence report, some of which was false. In his second motion, petitioner alleged that his federal custody was illegal because he had been ordered into state custody by a state sentence imposed prior to his federal sentence. The district court denied both motions. We affirm.
 
 
 3
 The district court correctly held that it lacked jurisdiction over petitioner's claims challenging the Parole Commission's decisions. Petitioner was incarcerated in California when he filed this action and is now incarcerated in Indiana. An action challenging the execution of sentence, including parole decisions, must be brought under 28 U.S.C. Sec. 2241 in the district in which the petitioner is incarcerated. Cohen v. United States, 593 F.2d 766 (6th Cir. 1979); Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir. 1977).
 
 
 4
 Petitioner also alleged in his first motion that the trial judge misinformed him concerning his parole eligibility and the guilty plea was induced by his erroneous parole expectations. Specifically, petitioner claims that the court and his attorney informed him that he would be eligible for parole at the completion of one-third of his sentences, but the Parole Commission did not find him eligible at that time. However, at petitioner's sentencing hearing, the trial court informed him that he would have to serve 'at least' one third of his sentence before he would be eligible for parole. At the plea hearing, the court explained the maximum sentence, and petitioner stated that his guilty plea was not based upon any promises concerning his sentence. Therefore, petitioner's claim is not supported by the record.
 
 
 5
 Petitioner's claims that his attorney failed to inform him of unspecified 'rights' and failed to 'protect' him, and that he was not informed of the contents of his presentence report are also contradicted by the record. The district court informed petitioner of his rights at the plea hearing. Petitioner indicated that he understood his rights, and his attorney stated to the court that he had informed petitioner of his rights. Petitioner then admitted committing the crimes and pleaded guilty. In addition, three counts of armed bank robbery against petitioner were dismissed. The trial judge informed petitioner of the contents of the presentence report and offered him an opportunity to correct it. Petitioner did not request any changes in the report or point to any false information. Under these circumstances, petitioner has not demonstrated that his attorney failed to inform him of his rights or protect his interests, or that the presentence report contained false information.
 
 
 6
 In his second motion, petitioner claimed that the federal court lacked jurisdiction to convict him and incarcerate him because under the prior state conviction, he was ordered into state custody. The state court 'Journal Entry' directs that '[t]he Sheriff of Cuyahoga County will hold defendant here until the Federal Authorities take charge.' A prisoner has no cause of action to challenge the agreement between state and federal authorities concerning the order of prosecution and execution of sentences. Williams-El v. Carlson, 712 F.2d 685 (D.C. Cir. 1983); Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980); Jones v. Taylor, 327 F.2d 493 (10th Cir.), cert. denied, 377 U.S. 1002 (1964). The district court correctly found that the second motion was without merit.
 
 
 7
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).