793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES CARL HIGGS, et al. (85-5701), JERALD L. KENDRICK, et
al. (85-5701), JAMES M. THOMPSON, et al.
(85-5701), CHARLES EDWARD BROWN
(85-5887), Plaintiffs-Appellees,
v.
DAVID H. BLAND, et al. (85-5701), GEORGE WILSON, SECRETARY
OF CORRECTIONS; WILLIAM C. SEABOLT, WARDEN, LUTHER LUCKETT
CORRECTIONAL COMPLEX; and ISSA PRIOUZNIA, LAB TECHNICIAN,
LUTHER LUCKETT CORRECTIONAL COMPLEX (85-5701/5887),
Defendants-Appellants.
 85-5701, 85-5887
 United States Court of Appeals, Sixth Circuit.
 5/19/86
 
 VACATED AND REMANDED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These consolidated appeals involve the issuance of preliminary injunctions enjoining the defendants, various Kentucky Department of Corrections officials, from taking disciplinary actions against prisoners based on urinalysis tests for drugs. For the reasons that follow, we vacate the preliminary injunctions issued in both cases and remand both cases to the district court.
 
 I.
 
 2
 Since approximately 1981, the Kentucky Department of Corrections has administered urinalysis tests to prisoners in the Kentucky State Reformatory and the Kentucky State Penitentiary. The specific test used by the State of Kentucky was the Syva EMIT drug detection system. Under the state procedure, when test results indicated the presence of drugs in an inmate's system, the inmate was charged with being 'under the influence of drugs or intoxicants.' In such cases, only the positive test results were used as evidence to support the inmate's conviction. An inmate, if found guilty, was subject to as much as 45 days in disciplinary segregation and loss of 60 days good time credits.
 
 
 3
 The first action, No. 85-5701, was brought as a motion for contempt under the consent decree entered in Kendrick v. Bland, 514 F. Supp. 21 (W.D. Ky. 1981), and was subsequently consolidated with actions brought by other prisoners. The plaintiffs requested that the district court enjoin defendants from using the Syva EMIT test to punish inmates for the use of drugs. The District Court for the Western District of Kentucky, Judge Johnstone presiding, granted the request and enjoined the defendants from taking any disciplinary action against plaintiffs based solely upon unconfirmed results of Syva EMIT drug detection tests. He further ordered that if these results were offered as evidence in a disciplinary hearing, the defendants were ?? the Syva EMIT drug detection tests which maintain the integrity of the urine sample.
 
 
 4
 The second action, Brown v. Wilson, et al., No. 85-5887, was brought by another state prisoner who had been found by a disciplinary board to be 'under the influence of drugs or intoxicants' on five different occasions while confined as a state prisoner. These convictions were based solely on Syva EMIT test results. Among other things, plaintiff requested injunctive and declaratory orders restraining defendants from taking disciplinary action based solely upon the Syva EMIT test. The District Court for the Western District of Kentucky, Chief Judge Allen presiding, issued the requested preliminary injunction adopting Judge Johnstone's holding in Case No. 85-5701.
 
 II.
 
 5
 On appeal both cases raise the issue of whether the issuance of preliminary injunctions was an abuse of discretion. Number 85-5701 raises the additional question of whether the district court had jurisdiction under the consent decree in Kendrick v. Bland, 541 F. Supp. 21 (W.D. Ky. 1981), to issue a preliminary injunction concerning urinalysis testing for drugs.
 
 A.
 
 6
 At oral argument in Case No. 85-5701, counsel for all parties represented to the Court that this case was fully heard on the merits in August, 1984, having been submitted to the magistrate. Accordingly, upon consideration of the briefs and record herein, and our finding that the district court had jurisdiction under the consent-decree, it is ORDERED as follows:
 
 
 7
 1. That this cause be and it hereby is REMANDED to the district court for a final decision on the merits;
 
 
 8
 2. That the preliminary injunction heretofore issued be and it hereby is VACATED as being improvidently granted for insufficient findings of fact as to the reliability of the urinalysis test for drugs being administered by the defendants and the deficiency of their chain of custody procedure, and, further, for the district court's failure to specify whether the preliminary injunction was issued under the consent decree or under due process standards, and if under the consent decree, what provision of the consent decree.
 
 B.
 
 9
 Oral argument in Brown v. Wilson, et al., Case No. 85-5887, was waived, the parties having submitted the matter to this Court on the record and their briefs. It appearing that in Case No. 85-5887, District Judge Allen issued a preliminary injunction by adopting District Judge Johnstone's memorandum opinion in Case No. 85-5701, it is hereby further ORDERED that the preliminary injunction issued in Case No. 85-5887 be and it hereby is VACATED, and the case is REMANDED to the district court for proceedings not inconsistent with this opinion.