76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Ricky Dale BARRON, Defendant--Appellant.
 No. 95-7103.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, McKAY and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Defendant Ricky Dale Barron appeals his conviction and sentence for possession of a firearm moved in interstate commerce after a former felony conviction, 18 U.S.C. 922(g), 2. Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742(a), and we affirm.
 
 
 2
 Mr. Barron was charged in nine counts of a ten-count indictment. He was convicted on the above charge (count 3) following a jury trial in April 1995. He was acquitted on counts 1, 2, 4 and 5 at the April 1995 trial and an earlier trial held in November 1994. The district court dismissed counts 6, 7, 9 and 10 in March 1995. I R. doc. 90. At trial, Kenneth Virgil Gregory testified that he received a shotgun from Mr. Barron.
 
 
 3
 Based on the presentence report ("PSR"), Mr. Barron was sentenced to the maximum allowable term, 120 months. 18 U.S.C. 924(a)(2). While the base offense level for violations of 18 U.S.C. 922(g) is 20, U.S.S.G. 2K2.1(a), Mr. Barron's base offense level was enhanced to 28 based on a cross reference provision, U.S.S.G. 2K2.1(c)(1)(A), because of his conduct underlying the offense of conviction, specifically conspiracy to commit murder. See III R. pp 15-24, 29. To this, four points were added because Mr. Barron received something of pecuniary value. U.S.S.G. 2A1.5(b)(1); III R. p 30. Two more points were added for Mr. Barron's role of "organiz[ing] the underlying unlawful conduct" by "recruit[ing] other criminally responsible participants and exercis[ing] some decision making authority." U.S.S.G. 3B1.1(c); see III R. p 32. The total offense level was thus 34, with a criminal history category IV, and a sentencing range of 210-262 months. III R. 12. Because this range exceeded the statutory maximum sentence, Mr. Barron was sentenced to the statutory maximum of 120 months.
 
 
 4
 In reviewing Mr. Barron's contention that there was insufficient evidence to support his conviction, we review the record as a whole in the light most favorable to the government. United States v. Chavez-Marquez, 66 F.3d 259, 262 (10th Cir.1995) (citing United States v. Sapp, 53 F.3d 1100, 1103 (10th Cir.1995)). We will affirm the conviction if "the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt." Id. (quoting Sapp, 53 F.3d at 1103).
 
 
 5
 Mr. Barron's primary contention is that the only evidence of his possession of the firearm was the uncorroborated testimony of his codefendant, Mr. Gregory. This, however, is incorrect. Mr. Gregory testified that Mr. Barron told him "he had a friend of his that we could get a shotgun from." II R. 69. This was corroborated by the testimony of Mr. Marshal, who stated that Mr. Barron "wanted to borrow a shotgun" from him. II R. 63. Furthermore, Mr. Marshal's testimony corroborates that of Mr. Gregory that Mr. Barron was in a hurry, and only spent a short time at Mr. Marshal's house when he got the shotgun. See II R. 63, 70. Mr. Gregory saw Mr. Barron leave Mr. Marshal's house with the shotgun, which Mr. Barron then gave to Mr. Gregory. II R. 73-74. After reviewing the record, we find that sufficient evidence was presented for a jury to conclude beyond a reasonable doubt that Mr. Barron was guilty of possession of the shotgun.
 
 
 6
 Mr. Barron contends that the district court erred in enhancing his base offense level from 20 to 28 based on the aforementioned adjustments. He argues that the government failed to meet its burden of proof for sentencing increases. We review the district court's interpretation and application of the guidelines de novo, United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir.), cert. denied, 115 S.Ct. 610 (1994), and we review the district court's findings of fact under a clearly erroneous standard, United States v. Guthrie, 64 F.3d 1510, 1514 (10th Cir.1995). "The government must prove by a preponderance of the evidence any sentence enhancement it asserts the court should grant." United States v. Pelliere, 57 F.3d 936, 938 (10th Cir.1995). Mr. Barron contends that the evidence presented by the government regarding the conspiracy, the receipt of property, and Mr. Barron's role as organizer was unreliable and thus could not be allowed as a basis for the enhancements under the guidelines. See Aplt. Br. at 7-9. We disagree. The government did demonstrate the basis for the enhancements by a preponderance of the evidence, and the sentencing court did not err in adopting the recommendations of the PSR.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument