**UNITED STATES COURT OF APPEALS**
**Filed 6/21/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LARRY JAMES MIRELES,

      Defendant - Appellant.

No. 95-2219
(D.C. No. CIV 95-561)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

Appellant Larry James Mireles moved the district court to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. Mireles claimed that the United States surrendered its custody and jurisdiction over him by turning him over to New Mexico state officials, and therefore deprived him of due process by subsequently

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incarcerating him in federal prison. The district court dismissed Mireles' petition with prejudice, and we affirm.

On December 10, 1987, while Appellant was incarcerated for New Mexico state crimes in the Bernalillo County Detention Center ("BCDC"), a federal grand jury indicted him on bank robbery charges. The United States District Court for the District of New Mexico issued a writ of habeas corpus ad prosequendum, ordering the BCDC to surrender Mireles to United States Marshals for his arraignment. A federal magistrate arraigned him on March 24, 1988. Mireles pled not guilty at his arraignment.

On May 3, 1988, Mireles pled guilty in federal court to one count of armed robbery, and on May 6 the New Mexico District Attorney filed a nolle prosequi dropping all state charges against him. On July 1, 1988, he was sentenced to a term of eighteen years in federal prison. On both dates, he appeared in federal district court under writs of habeas corpus ad prosequendum issued by the district court, and on both occasions he was returned to BCDC following the federal proceedings. During Mireles' dentention in the New Mexico facility, the United States Marshal lodged a federal detainer with New Mexico. However, BCDC did not return Mireles to federal custody until June 20 or 23, 1989.

Appellant claims that when he was arraigned in federal court, he came into the dual custody of the United States and New Mexico; when the New Mexico prosecutor filed a nolle prosequi dropping all state charges against him, New Mexico relinquished

jurisdiction and custody and the United States had sole jurisdiction and custody; and by thereafter returning him to BCDC the United States also relinquished jurisdiction and custody. He claims that the United States' filing of a detainer with New Mexico when the district court imposed its sentence somehow confirms this relinquishment. Because both governments have relinquished jurisdiction and custody, Appellant claims, his continued incarceration violates the Fifth Amendment's Due Process Clause.

The government responds that, while detained in BCDC, Appellant merely appeared in federal court pursuant to federal writs, and therefore the state facility never gave up its custody. Furthermore, the filing of a detainer merely constitutes a request that New Mexico notify federal authorities when a prisoner is released, and does not signify an acknowledgment that the United States had relinquished jurisdiction. The government asserts that the United States rightfully assumed custody and jurisdiction over Mireles when BCDC released him in June of 1989.

We reject Appellant's creative argument. New Mexico retained custody of Mireles until the final disposition of his state court proceedings. Williams v. Taylor, 327 F.2d 322, 323 (10th Cir.), cert. denied, 377 U.S. 1002 (1964). It did not relinquish custody by complying with the district court's writs. Id. It follows that the prisoner's return to state custody following his federal proceedings was not a relinquishment of federal custody, either. The United States could not relinquish what it did not have. In addition, the detainer lodged by the United States was nothing more than a request that

state prison officials notify the United States Marshall of the prisoner's release date so that federal authorities could at that point take custody of him. United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). We decline to interpret the lodging of a federal detainer with a state as a sign that the United States had, and relinquished, custody or jurisdiction of the Appellant. We also note that to adopt Appellant's approach with respect to any of these issues would be to impede the efficient simultaneous adjudication of state and federal proceedings involving the same defendant. Appellant's ultimate transfer to a federal facility to serve his sentence did not violate his due process rights.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge