**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| | Case No. 97-7013 |
| v. | |
| | (D.C. CIV 96-388-S) |
| RICKY DALE BARRON, | (Eastern District of Oklahoma) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Ricky Dale Barron appeals the district court's denial of his motion for a new trial based on newly discovered evidence, pursuant to Fed. R. Crim. P. 33.[1]  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Barron was convicted, after a jury trial, of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g).  Mr. Barron appealed, and this court affirmed his conviction.  See United States v. Barron, No. 95-7103, 1996 WL 34410 (10th Cir. Jan. 26, 1996), cert. denied, __ U.S. __, 116 S. Ct. 700 (1996).  The firearm Mr. Barron was convicted of possessing was a shotgun obtained from Mr. Nat Marshall.  See id. at *1.

---

[1]  In the district court, Mr. Barron did not characterize his motion as a motion for a new trial, pursuant to Fed. R. Crim. P. 33.  Rather, Mr. Barron denominated the motion as a "Motion to Vacate Sentence," pursuant to 28 U.S.C. § 2255.  Rec. vol. I., doc. 1 at 1 (Mot. to Vacate Sentence filed Aug. 9, 1996).

The government and the district court noted that Mr. Barron's motion is properly characterized as a Rule 33 motion because the relief he seeks is a new trial, not the modification of his sentence.  See id., doc. 3 at 2 (Gov't's Resp. to Def.'s Mot. filed Aug. 27, 1996); id., doc. 4 at 1 (Civil minutes dated Dec. 9, 1996); see also 28 U.S.C. § 2255 (1994) (authorizing motions to "vacate, set aside or correct" a sentence).

Mr. Barron has not objected to the characterization of his motion by the government and the district court, and, on appeal, Mr. Barron has even cited case law under Rule 33.  See Aplt's Br. at 3 (citing United States v. Stoddard, 875 F.2d 1233 (6th Cir. 1989)).  Thus, like the government and the district court, we treat Mr. Barron's motion as a motion under Rule 33.

During trial, Mr. Marshall testified that Mr. Barron visited him and asked to borrow a shotgun.  See Rec. vol. I, doc. 3, Gov't Ex. 3 at 63-64 (Trial tr. dated Apr. 4, 1995).  Mr. Marshall added that he was not certain whether Mr. Barron actually took a shotgun.  See id. at 64.

After this court affirmed his conviction on appeal, Mr. Barron moved for a new trial based on an affidavit by Mr. Marshall stating:  "At one point in time I was not sure whether [Mr.] Barron had taken a shotgun from my house . . . . I have since discovered that the shotgun I thought was missing was not missing and I now have that shotgun in my possession."  Id., doc. 2, Ex. A (Marshall aff. dated Mar. 19, 1996).

The district court denied Mr. Barron's motion for a new trial, on the grounds that Mr. Marshall's affidavit testimony was, at best, merely cumulative or impeaching of his trial testimony.  See id., doc. 4 at 1 (Civil minutes dated Dec. 9, 1996).  On appeal, Mr. Barron argues that the district court erred in failing to hold an evidentiary hearing on his motion.

## II.  DISCUSSION

A district court is not required to hold an evidentiary hearing on a motion for a new trial.  See United States v. Brewer, 630 F.2d 795, 803 (10th Cir. 1980); see also United States v. Blackburn, 9 F.3d 353, 358 (5th Cir. 1993).  The

3

decision to hold an evidentiary hearing rests within the sound discretion of the district court. See Blackburn, 9 F.3d at 358; United States v. Hedman, 655 F.2d 813, 814 (7th Cir. 1981); United States v. Nace, 561 F.2d 763, 772 (9th Cir. 1977).

When a motion for a new trial is based on newly discovered evidence, the defendant is required to show that: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial. See United States v. Stevens, 978 F.2d 565, 570 (10th Cir. 1992). When the defendant's moving papers fail to make a prima facie showing of all five elements, the district court may deny the motion for a new trial without holding an evidentiary hearing. See, e.g., Brewer, 630 F.2d at 802-03 (approving district court's denial of motion for new trial based on evidence that was merely impeaching and that was unlikely to have produced an acquittal in a new trial).

We express no view on whether Mr. Marshall's affidavit testimony was merely cumulative or impeaching of his trial testimony, as the district court concluded. Rather, we exercise our discretion "'to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law,

4

even grounds not relied upon by the district court.'" United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quoting Medina v. City & County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992)).

In his motion for a new trial and memorandum in support thereof, Mr. Barron failed to demonstrate — or even assert — that his own lack of diligence was not responsible for the failure to put forth during trial the evidence that was later contained in the affidavit. See generally Rec. vol. I., doc. 1 (Mot. to Vacate Sentence filed Aug. 9, 1996); id., doc. 2 (Mem. in Supp. of Mot. to Vacate filed Aug. 9, 1996). Specifically, Mr. Barron did not claim that, even with better pretrial investigation by the defense, Mr. Marshall would have been unable to testify at trial, as he later did in the affidavit, that the shotgun was not missing.[2] Thus, the district court did not abuse its discretion in failing to hold an

---

[2]    We note that, although Mr. Barron is proceeding pro se on appeal, he was represented by counsel in the district court. Thus, the deficiency in his motion cannot be excused by the liberal standards that govern the interpretation of pro se submissions. See generally Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

We further note that the district court's actions may have been proper on the ground that the new evidence would probably not produce an acquittal in a new trial. See Stevens, 978 F.2d at 570. In a new trial, any testimony by Mr. Marshall that no gun was taken would likely be contradicted by testimony from Mr. Barron's companion on the evening in question that he saw Mr. Barron emerge from Mr. Marshall's house with a shotgun. See Barron, 1996 WL 34410, at *1. However, we need not rely on this evidence in affirming the district court, given the disposition above.

evidentiary hearing on a motion for which Mr. Barron did not even make the required threshold showing.[3]

### III. CONCLUSION

We AFFIRM the district court for the reasons stated above: because Mr. Barron did not make the necessary prima facie showing, the district court did not abuse its discretion in denying his motion for a new trial without holding an evidentiary hearing. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[3] Mr. Barron also raises a claim of ineffective assistance of counsel, but we decline to reach that issue as the record does not indicate that it was presented to the district court. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993) (noting that this court generally will refuse to consider arguments raised for the first time on appeal).