**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 21 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RICKY DALE BARRON,

      Petitioner - Appellant,

v.

L. E. FLEMING, Warden,

      Respondent - Appellee.

No. 01-6319
(D.C. No. 00-CV-1922-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Ricky Dale Barron, a federal prisoner appearing pro se, appeals the district

court's dismissal in part and denial in part of his 28 U.S.C. § 2241 petition.[1] We

have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Mr. Barron is a federal prisoner, he does not need a certificate of appealability to appeal the district court's denial of his § 2241 petition. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000).

In 1989, Mr. Barron was convicted in the State of Oklahoma of first degree manslaughter and sentenced to twenty years imprisonment. On July 12, 1994, Mr. Barron was released from confinement and placed in the Oklahoma Department of Correction's pre-parole conditional release program. While under conditional release, Mr. Barron was arrested and charged by federal authorities with possession of a firearm moved in interstate commerce after former conviction of a felony in violation of 18 U.S.C. § 922(g). The Department of Corrections issued a "hold" to the United States Marshals Service, Eastern District of Oklahoma, regarding Mr. Barron's pending revocation of pre-parole conditional release. Mr. Barron remained in the custody of the United States Marshals Service from the date of his arrest until he was sentenced on the federal charge. He was convicted of the federal charge and sentenced to 120 months of confinement to be served consecutively to his previous state sentence. Mr. Barron has unsuccessfully challenged his federal conviction and sentence on direct appeal and in a motion for a new trial. United States v. Barron, No. 97-7013, 1997 WL 381936 (10th Cir. July 9, 1997).

On June 15, 1995, shortly after his federal conviction, the United States Marshals Service released Mr. Barron to the Oklahoma Department of Corrections pursuant to the "hold." State officials revoked his pre-parole conditional release, and he remained in Oklahoma custody until he completed his state sentence in

January of 1999. Upon completion of his sentence, Oklahoma released Mr. Barron to the United States Marshals Service to begin service of his 120-month term of imprisonment for the federal firearms conviction. He was given 270 days prior custody credit towards his federal term of imprisonment for the time he spent in federal custody awaiting his federal trial.

Mr. Barron filed this § 2241 action in November of 2000, arguing that (1) the federal court illegally sentenced him by imposing the sentence before Oklahoma revoked his parole; (2) the federal court gave up jurisdiction over him because Oklahoma never filed a Writ of Ad Prosequendum while he was in federal custody and the federal authorities relinquished custody of him to Oklahoma after federal sentencing and before state parole was revoked; (3), alternatively, the federal court never gave up jurisdiction over him and he served his 120-month sentence while supposedly in the custody of Oklahoma; and (4) the execution of his sentence violated due process because it has been administered in a piecemeal fashion. Doc. 1 at 6-6A. In his appeal to this court, Mr. Barron essentially is raising the same issues.

We agree with the district court and magistrate judge that Mr. Barron's claim that the federal court illegally sentenced him prior to the revocation of his parole is an attack on the legality of his sentence rather than on the execution of his sentence. As a challenge to the legality of the sentence, this petition should

have been brought pursuant to 28 U.S.C. § 2255 and not § 2241. Merely because a 2255 motion may be time barred does not render it inadequate or ineffective. We find Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999), and Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996), to be controlling. We affirm the district court's dismissal of this part of Mr. Barron's petitions for substantially the same reasons contained in the report and recommendation of the magistrate judge.

As to Mr. Burton's remaining claims, we agree with the district court and magistrate judge that they challenge the execution of his sentence and are properly brought pursuant to 28 U.S.C. § 2241. We find 18 U.S.C. § 3585(a), Williams v. Taylor, 327 F.2d 322, 323-24 (10th Cir. 1964), and Hernandez v. United States Attorney General, 689 F.2d 915, 919 (10th Cir. 1982) to be controlling. We, therefore, affirm the denial of Mr. Burton's petition on these grounds for substantially the same reasons contained in the report and recommendation of the magistrate judge. Because the federal court ordered Mr. Barron's sentence to run consecutively to his previous state sentence, his federal sentence could not have begun to run prior to the completion of his state sentence in January of 1999. Doc. 14 at 3.

We AFFIRM the denial as one with prejudice insofar as the § 2241 claims but AFFIRM the dismissal without prejudice as to the claim raised in this petition

for which there was no ruling on the merits.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge