848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott Andrew WITZKE, Plaintiff-Appellant,
v.
Gloria J. RICHARDSON, Parole Board Member, Michigan
Department of Corrections, in Her Individual and
Official Capacity, Defendant-Appellee.
 No. 87-2077.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the plaintiff's brief, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff alleged that defendant, a parole board hearing officer, violated his constitutional due process rights by revoking his parole without proper notice or hearing. Plaintiff requested compensatory and punitive damages and declaratory and injunctive relief.
 
 
 3
 The district court determined that plaintiff's essential challenge to the legality of his confinement was not actionable under Sec. 1983 and that plaintiff had not exhausted state remedies as prerequisite to a federal habeas corpus claim. Additionally, the district court noted that a parole board member acting pursuant to her official duties would be immune from suit for damages. Finding that plaintiff presented no facts which would entitle him to relief, the district court dismissed the complaint as frivolous under Sec. 1915(d). Dismissal was without prejudice to plaintiff's right to refile a civil rights claim after establishing the invalidity of his confinement.
 
 
 4
 Upon review, we conclude that dismissal under 28 U.S.C. Sec. 1915(d) was proper because it appears beyond doubt that plaintiff can prove no facts that would entitle him to the relief he seeks. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258 (6th Cir.1983).
 
 
 5
 First, plaintiff's complaint essentially concerns the fact or duration of his confinement and may not be pursued under 42 U.S.C. Sec. 1983. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). An attack upon the fact or duration of confinement must be pursued through a habeas corpus proceeding after exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).
 
 
 6
 Second, the district court properly dismissed the complaint due to plaintiff's failure to exhaust state remedies. Liberally construed as an application for federal habeas relief, the request nevertheless must include an allegation that state remedies were exhausted. See Hanson v. Heckel, 791 F.2d 93 (7th Cir.1986). Because plaintiff admitted state remedies were not exhausted, the complaint was properly dismissed.
 
 
 7
 Finally, because plaintiff failed to state an actionable claim under Sec. 1983, it is not necessary to decide any question concerning immunity. See Carlson v. Conklin, 813 F.2d 769, 771 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's judgment of dismissal without prejudice, filed October 13, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.