925 F.2d 1160
 John Robert DEMOS, Jr., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF
WASHINGTON, Respondent. (Two Cases).
John Robert DEMOS, Jr., Petitioner,
v.
STATE COURT OF APPEALS FOR the STATE OF WASHINGTON; Supreme
Court of the State of California, Respondents.
John Robert DEMOS, Jr., Petitioner,
v.
SUPREME COURT OF the STATE OF WASHINGTON, et al., Respondents.
John Robert DEMOS, Jr., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF
WASHINGTON, Respondent.
John Robert DEMOS, Jr., Petitioner,
v.
The STATE SUPREME COURT OF the STATE OF WASHINGTON, Respondent.
John Robert DEMOS, Jr., Petitioner,
v.
STATE COURT OF APPEALS FOR the STATE OF WASHINGTON, Respondent.
 Nos. 90-80100, 90-80318, 90-80322, 90-80323, 90-80337,
90-80343 and 90-80344.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 7, 1991.
 
 John Robert Demos, Monroe, Wash., pro se.
 No appearance for the respondents.
 Before BROWNING, PREGERSON and NOONAN, Circuit Judges.
 
 ORDER
 
 1
 In each of these seven actions, petitioner John Robert Demos, proceeding pro se, seeks a writ of mandamus to compel the United States District Courts for the Western and Eastern Districts of Washington, the Washington Court of Appeals, and the Washington Supreme Court, to accept his papers for filing. Demos has not submitted the filing fee with any of these petitions. Because Demos has abused the privilege of filing actions in forma pauperis in this court, we order the Clerk of this court to return the papers in each of these seven actions to Demos without filing.
 
 
 2
 During 1990, Demos submitted at least 24 sets of papers to this court including the seven currently before the court. The remaining seventeen (including documents entitled as petitions for writ of mandamus, writ of prohibition, writ of certiorari, requests for certificates of probable cause, original petitions for writ of habeas corpus, motions to compel and "orders to show cause") have been denied summarily without calling for a response from the respondent or the real party in interest.[1] All have been denied after first ordering the papers filed without prepayment of fees. More significant, all of the petitions have been legally frivolous. See Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir.1984).
 
 
 3
 Demos is a prolific litigant. See Demos v. Kincheloe, 563 F.Supp. 30 (E.D.Wash.1982). His last 24 petitions have generally concerned the alleged refusal of the United States District Courts for both the Eastern and Western Districts of Washington, the Washington Court of Appeals and the Washington Supreme Court to accept his numerous and voluminous filings in forma pauperis. We note that the district courts in both the Eastern and Western District of Washington have entered standing orders against Demos, under which he must comply with certain prerequisites before being permitted to file actions in forma pauperis.[2] Because Demos did not appeal from the standing orders, they have become final.[3] See Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir.1990). However, Demos regularly attempts to file papers in district court (and apparently in state court too) without complying with the requirements of the standing orders, then files a petition here to attempt to compel the district court or state court to accept his complaints for filing without the payment of fees. As previously stated, no petition has been granted to date.
 
 
 4
 On December 19, 1990, we ordered Demos to show cause why he should not be barred from filing further petitions seeking extraordinary writs in forma pauperis. See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir.1990) (petitioner must be granted notice and opportunity to be heard prior to the entry of a standing order in district court), cert. denied, --- U.S. ----, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990). His response contains general and conclusory allegations regarding the United States District Courts', and the Washington state courts' derelictions, especially their issuance of what he refers to as nonappealable and prejudicial orders unsupported by reasons and law. Demos' response utterly fails to show that he has not abused the privilege of filing petitions in forma pauperis.
 
 
 5
 This court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis. In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam); Visser v. Supreme Court, 919 F.2d 113 (9th Cir.1990). In consideration of Demos' history, we hold that he has abused the privilege of filing petitions in forma pauperis in this court. We therefore conclude that it is appropriate at this juncture to bar the filing of any new petitions seeking extraordinary writs pursuant to 28 U.S.C. Secs. 1651, 2253, or 2254 directed at the United States District Courts for the Eastern and Western Districts of Washington. See In re McDonald, 489 U.S. 180, 109 S.Ct. 993; Visser v. Supreme Court, at 113; O'Loughlin v. Doe, 920 F.2d 614 (9th Cir.1990).
 
 
 6
 We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court. See 28 U.S.C. Sec. 1651. Thus, to the extent that Demos attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law.
 
 
 7
 Therefore, the clerk is directed to return to Demos any petition seeking an extraordinary writ or directed toward the United States District Courts for the Eastern and Western Districts of Washington unless, of course, the petition is accompanied by the $100.00 filing fee. The Clerk is further directed to return any petition that seeks to compel the Washington state courts to take or refrain from some action for filing unless accompanied by the $100.00 filing fee.
 
 
 
 [1]
 Most of the documents have been construed as petitions for writs of mandamus. For want of a better term, we refer to Demos' filings as petitions throughout this order
 
 
 [2]
 We have no record of any action taken by the Washington courts
 
 
 [3]
 We further note that mandamus may not be used as a substitute for an untimely notice of appeal. Cf. Compania Mexicana de Aviacion v. United States District Court, 859 F.2d 1354, 1357-58 (9th Cir.1988); Clorox v. United States District Court, 779 F.2d 517, 519 (9th Cir.1985)