947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott Andrew WITZKE, Petitioner-Appellant,
v.
John C. GLUCH; Frank J. Kelley, Respondents-Appellees.
 No. 91-1814.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1991.
 
 Before KEITH, DAVID A. NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Scott Andrew Witzke appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Additionally, he moves for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Witzke is presently serving a federal sentence which he stated will expire on September 19, 1991. On December 21, 1990, Witzke was sentenced to a 1 and 1/2 to 10 year Michigan prison term for obtaining money under false pretenses, in violation of Mich.Comp.Laws § 750.218-B. The state sentencing judge wrote that Witzke's state sentence was to be concurrent with his federal sentence and that he was entitled to 240 days of jail credit. The judge also wrote that Witzke could be "released to Federal authorities."
 
 
 3
 In his habeas petition, Witzke challenged a detainer lodged by the State of Michigan. The detainer sought Witzke's return to Michigan custody after the expiration of his federal sentence. Witzke further stated that he did not challenge either his Michigan conviction, nor the Michigan detainer, in the Michigan courts. Witzke sought an order requiring the authorities at the Federal Correctional Institute in Milan, Michigan to remove and disregard the detainer lodged by the Washtenaw County Sheriff, and an order declaring that "[his] sentence obligation to the State of Michigan is complete upon completion of [his] federal sentence by virtue of the state court relinquishing jurisdiction over [him] to the federal authorities...."
 
 
 4
 The district court noted that Witzke had failed to exhaust his challenge to the Michigan detainer in the Michigan appellate courts; nevertheless, because it concluded that Witzke's claim was "plainly meritless," the court waived the exhaustion requirement and dismissed the petition on the merits.
 
 
 5
 Upon review, we affirm the district court's order of summary dismissal because Witzke has not been denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). The state sentencing judge made abundantly clear at sentencing that Witzke's state sentence was to be concurrent with his 12 month federal prison term and that Witzke was entitled to 240 days jail credit toward his state sentence. Contrary to Witzke's claim, the state sentencing judge did not stipulate that Witzke was not to spend time in a Michigan state prison nor did the sentencing judge expressly state that Witzke's state sentence was to be fulfilled at the completion of his federal sentence. Thus, because the state sentencing judge was clear on this point, Witzke's claim to the contrary was properly dismissed as meritless.
 
 
 6
 Additionally, as the district court correctly held, Witzke lacks standing "to contest the agreement between federal and state authorities as to the execution of the separate sentences imposed by challenging either the original removal or return to state or federal custody, and it is basically an administrative, not judicial, function to arrange for the order of punishment." See Perry v. Carter, 514 F.Supp. 19, 21 (W.D.Okla.1980). See also Williams-El v. Carlson, 712 F.2d 685, 686 (D.C.Cir.1983).
 
 
 7
 Finally, the Michigan authorities did not lose jurisdiction over Witzke by transferring him to federal authorities for service of his federal sentence. See Tavarez v. United States Atty.Gen., 668 F.2d 805, 809 (5th Cir.1982).
 
 
 8
 Accordingly, the motion for in forma pauperis status is granted. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.