19 F.3d 1438
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Scott A. WITZKE, Appellant,
v.
Peter M. CARLSON; Lawrence R. Campbell; Calvin R. Edwards,
in their individual and official capacities, Appellees.
 No. 93-2592.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 8, 1993.
Filed: March 16, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Scott A. Witzke, a former federal inmate, appeals from the district court's[1] dismissal of his claim brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm.
 
 
 2
 In 1990, Witzke was sentenced to twelve months imprisonment and subsequent supervised release. Witzke served his full sentence and then was placed on supervised release. His supervised release was revoked, and Witzke spent an additional four months in prison. Witzke claimed his two periods of confinement should have been combined to form a single sentence of sixteen months for purposes of 18 U.S.C. Sec. 3624(b). While serving his second sentence, Witzke requested 72 days of good conduct credit under section 3624(b), which the defendants denied. Witzke claimed a denial of due process because the defendants denied him good conduct credit, failed to reasonably investigate his claim, and maintained a deliberately indifferent attitude toward his claim.
 
 
 3
 The magistrate judge sua sponte recommended dismissal of Witzke's complaint, finding that defendants had been served and that Witzke's argument for good conduct credit was meritless. Over Witzke's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint. Witzke appeals on several grounds, including that defendants were not served before dismissal, and that the magistrate judge's report was insufficient pre-dismissal notice.
 
 
 4
 The magistrate judge's report and recommendation clearly gave Witzke adequate pre-dismissal notice because he filed lengthy objections to the report. Moreover, dismissal without notice would not have mandated reversal because Witzke's complaint was frivolous. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Section 3624(b) provides good conduct credit only to prisoners serving a sentence of more than one year. Witzke cites no authority to support his contention that his sentences may be combined for purposes of section 3624(b), and we know of none. Thus, the district court could have dismissed Witzke's complaint under 28 U.S.C. Sec. 1915(d).
 
 
 5
 Because we conclude Witzke's complaint was frivolous, we need not address the issue of whether defendants actually were served before dismissal. See Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991). We find the remainder of Witzke's arguments meritless.
 
 
 6
 We deny Witzke's motion to consolidate district court files because we need not examine Witzke's habeas corpus file.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota