**Scott Andrew WITZKE, Plaintiff,**

v.

**Steve HILLER, et al., Defendant.**

**Civil Action No. 96–40284.**

United States District Court,
E.D. Michigan,
Southern Division.

May 21, 1997.

Scott Andrew Witzke, Federal Correctional Institution, Milan, MI, pro se.

GADOLA, District Judge.

### SUA SPONTE ORDER DISMISSING PLAINTIFF'S COMPLAINT

On August 2, 1996, plaintiff, Scott Andrew Witzke ("Witzke"), a self-proclaimed "experienced *pro se* litigant" submitted the instant complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983. Also on August 2, 1996, plaintiff filed an application to proceed *in forma pauperis* which was granted on August 21, 1996 by Magistrate Judge Paul J. Komives. Although Witzke presently has pending before this court 1) objections to Magistrate Komives's order pursuant to Federal Rule of Civil Procedure 72(a); 2) a request for certification of the constitutionality of 28 U.S.C. § 1915(b) to the Attorney General of the United States, pursuant to 28 U.S.C. § 2403(a); and 3) an *ex parte* motion for the clerk of the court to issue summonses and directing the U.S. Marshal Service to effectuate service upon defendants, this court need not address these motions and, in fact, the same are denied as moot in light of this court's *sua sponte* dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) of title 28, as amended by the Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104–134, §§ 801–10, 110 Stat. 1321 (1996), provides:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As noted above, plaintiff is an experienced *pro se* litigant. Unfortunately, however, for plaintiff, not all of his experience has been gained through serious litigation. This court takes judicial notice of the following prior actions filed by plaintiff which were dismissed as frivolous or meritless. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.1979) (federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue):

Strike One: *Witzke v. Gluch et al.*, 1991 WL 227751 (6th Cir. November 5, 1991) (finding Witzke's § 2254 petition to be "plainly meritless.")

Strike Two: *Witzke v. Boots*, 1989 WL 111587 (6th Cir. September 27, 1989) (finding Witzke's § 1983 complaint "was insufficient to state a claim.")

Strike Three: *Witzke v. Richardson*, 1988 WL 40487 (6th Cir. May 2, 1988) (finding Witzke's § 1983 action "frivolous.")

Additional actions have also been dismissed in the Eighth Circuit as frivolous or meritless:

Strike Four: *Witzke v. Kennedy*, (D.Minn.4–95–139) (dismissing Witzke's § 1983 action as "frivolous") *aff'd* 66 F.3d 329 (8th Cir. 95–1831).

Strike Five: *Witzke v. Carlson et al.*, 1994 WL 83270 (8th Cir. March 16, 1994 (D.Minn)) (finding Witzke's § 1983 action "meritless" and "frivolous").

Moreover, this court notes that those courts which have addressed the retroactive applicability of § 1915(g) are all in agreement that there is no impermissible retroactive effect by applying the statute to complaints which were filed prior to April 26, 1996, the enactment date of the PLRA. *See,*

*e.g., Adepegba v. Hammons,* 103 F.3d 383 (5th Cir.1996) (finding that § 1915(g) did not impose new or additional liabilities, and, thus, it could be applied retroactively); *Green v. Nottingham,* 90 F.3d 415, 420 (10th Cir.1996) (finding that § 1915(g) announces procedural rule and has no retroactive effect); *Lyon v. Vande Krol,* 940 F.Supp. 1433, 1436 (S.D.Iowa 1996) (holding that "§ 1915(g) does not operate retroactively simply because dismissals entered before the enactment of the PLRA are considered in applying § 1915(g)."); *McCray v. Kralik,* 1996 WL 378273 (S.D.N.Y. July 1, 1996) (finding that § 1915(g) does apply to complaints filed before April 26, 1996). This court is in complete agreement with the reasoning and conclusions of these courts.

Accordingly, Witzke has three or more strikes under the statute. Witzke is out. Witzke may, however, resume any claims dismissed under section 1915(g), if he decides to pursue them, under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else.

**IT IS THEREFORE HEREBY ORDERED** that plaintiff, SCOTT ANDREW WITZKE's, *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff, SCOTT ANDREW WITZKE's, August 2, 1996 complaint is **DISMISSED** without prejudice to being refiled upon payment of the applicable filing fee pursuant to 28 U.S.C. § 1914.

**IT IS FURTHER ORDERED** that plaintiff, SCOTT ANDREW WITZKE's, objections to Magistrate Komives's order pursuant to Federal Rule of Civil Procedure 72(a), his request for certification of the constitutionality of 28 U.S.C. § 1915(b) to the Attorney General of the United States, pursuant to 28 U.S.C. § 2403(a), and his *ex parte* motion for the clerk of the court to issue summonses and directing the U.S. Marshal Service to effectuate service upon defendants are **DENIED** as moot.

**SO ORDERED.**