Reginald MCFADDEN, Plaintiff,

v.

Brian PARPAN, et al., Defendants.

No. CV 96–1305.

United States District Court,
E.D. New York.

Aug. 13, 1998.

Reginald McFadden, Fallsburg, NY, Pro Se.

Snitow & Cunningham by Charles D. Cunningham, New York City, for Defendants Brian Parpan, Richard S. Lane, James Cereghino, Martin Alger, Donald Daly, and Frank Guidice, Jr.

O'Connor, McGuinness, Conte, Doyle, Oleson & Collins by Dennis L. O'Connor, Jr., White Plains, NY, for Defendants Stephen Toth, T. Hoffman, and T. Hotmacher.

Kornfeld, Rew, Newman & Ellsworth by Richard M. Ellsworth, Suffern, NY, for Defendant Robert Van Cura.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff pro se, currently a prisoner at the Sullivan Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, complaining of physical mistreatment while a pre-trial detainee. Plaintiff, who proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915, was convicted after a jury trial on charges of burglary, robbery, grand larceny, assault, rape, kidnapping, and aggravated sexual abuse, all stemming from an assault on a Rockland County woman. After conviction on the above charges, plaintiff then pled guilty to the remaining charges against him, which included the killing of a Nassau County woman. In addition to his mistreatment claims, plaintiff also raises a host of purported constitutional violations surrounding his arrest. Presently before the Court is the

motion of defendants Toth, Hoffman, and Hotmacher to dismiss plaintiff's complaint on multiple grounds, only one of which we need reach at this time.

Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915 to pursue the instant action, a grant that the Court now recognizes to be improvident. Under the "three-strikes" provision of Title VIII of the Prison Litigation Reform Act of · 1995 ("PLRA"), Pub.L. 104–134, 110 Stat. 1321, a prisoner may not bring a civil action under the *in forma pauperis* provisions of 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated · or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* (codified at 28 U.S.C. § 1915(g)). Plaintiff, while incarcerated and prior to the filing of this action, had three prior suits dismissed by federal courts as frivolous: *McFadden v. Gribetz,* No. 95–4312 (S.D.N.Y. June 9, 1995); *McFadden v. Kralik,* No. 95–4320 (S.D.N.Y. June 9, 1995); *McFadden v. People of the State of New York,* No. 95–6717 (S.D.N.Y. Aug. 22, 1995).

■ Although plaintiff filed the instant action on March 16, 1996, shortly before the PLRA's effective date of April 26, 1996, this Court finds that the "three strikes" provision may be applied retroactively to cases pending at the time of the PLRA's enactment. Section 1915(g) imposes a procedural rule that does not impair any substantive right of the litigant to maintain an action, but merely deprives certain litigants of a privilege that Congress no longer wishes them to enjoy. In so holding, and in the absence of controlling law from the Second Circuit, this Court adopts the persuasive and thoughtful analysis of the Fifth Circuit set forth in *Adepegba v. Hammons,* 103 F.3d 383, 385 (5th Cir.1996), fully cognizant that other courts have found to the contrary. *See Chandler v. District of Columbia Dep't of Corrections,* 145 F.3d 1355 (D.C.Cir.1998) (noting discrepancy among circuits); *Canell v. Lightner,* 143 F.3d 1210 (9th Cir.1998) (same).

■ Having concluded that the statute operates retroactively, the Court agrees with the rule announced by many courts that actions dismissed before the enactment of the PLRA, either as frivolous or for failure to state a claim, count toward the calculation of the three-dismissal allotment under § 1915(g). *See, e.g., Keener v. Pennsylvania Bd. of Probation & Parole,* 128 F.3d 143, 144 (3d Cir.1997); *Adepegba,* 103 F.3d at 386; *Tierney v. Kupers,* 128 F.3d 1310, 1311 (9th Cir.1997); *Green v. Nottingham,* 90 F.3d 415, 420 (10th Cir.1996). Thus, plaintiff's complaint is barred by § 1915(g) unless its allegations bring it within the terms of the statute's "imminent danger" exception.

■ The exception does not apply on the facts of this case. Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, nor could he make such an allegation on the facts asserted in this complaint, none of which involve his present incarceration. *See, e.g., Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint); *Ashley v. Dilworth,* 147 F.3d 715, 716, 1998 WL 324183, *1 (8th Cir.1998) (same).

■ Plaintiff, it should be noted, does not contend that his prior dismissals fail to meet the "three-strike" threshold. Rather, he maintains that defendants failed to raise the "three-strikes" provision as an affirmative defense and, hence, this Court should not consider it. Plaintiff's argument is unavailing, however, because this Court may raise the "three-strikes" provision on its own initiative. *See Witzke v. Hiller,* 966 F.Supp. 538, 539 (E.D.Mich.1997) (dismissing complaint *sua sponte* under "three-strikes" provision where complaint was filed prior to PLRA's effective date).

Accordingly, the Court revokes its decision to grant *in forma pauperis* status and dismisses plaintiff's complaint without prejudice to refiling through a paid complaint. All pending motions in the instant action are

denied as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.