John R. DEMOS

v.

## JOHN DOE/MANUFACTUR-ER/SKOAL/COPENHAGEN PIPE & TOBACCO

### No. 3:96CV1821 (JBA).

United States District Court,
D. Connecticut.

April 28, 2000.

John R. Demos, New York City, pro se.

Joshua van Hulst, Cummings & Lockwood, Robert P. Dolian, Cummings & Lockwood, Stamford, CT, for John Doe, Manufacturer/Skoal & Copenhagen Pipe Tobacco, Copenhagen Pipe & Tobacco, U.S. Tobacco Company, defendants.

## RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. # 37]

ARTERTON, District Judge.

The *pro se* plaintiff, John R. Demos, currently a prisoner incarcerated at the Washington State Penitentiary located in Walla Walla, Washington, filed his Motion to Proceed *In Forma Pauperis* and Complaint alleging prisoner rights violations on September 11, 1996 [Doc. # 1]. Plaintiff's Motion to Proceed In Forma Pauperis was granted.

On January 21, 2000, defendant United States Tobacco Company filed this Motion to Dismiss [doc. # 37] on the grounds that: 1) this action filed in forma pauperis was barred by 28 U.S.C. § 1915(g) since at least three cases brought by plaintiff have been dismissed as frivolous, and 2) plaintiff has failed to comply with the Court's direction that he file a Second Amended Complaint in compliance with its direction in the Court's Ruling on Defendant's earlier motion to dismiss.

Section 1915(g), enacted as part of the Prison Litigation Reform Act, Pub.L. No. 104–134, § 804(d), 110 Stat. 1321 (1996) (PLRA), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil proceeding [in forma pauperis] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim on which relief may be granted.

Since Section 1915(g)'s effective date is April 26, 1996, this action, commenced on September 11, 1996, is subject to this limitation. Although plaintiff correctly noted in its rebuttal memorandum that there is a split among the circuits as to whether the pre- § 1915(g) dismissals count toward an inmate's three strikes, the Second Circuit recently determined that pre- § 1915(g) dismissals count toward an inmate's "three strikes" and that such application was constitutional. *See Welch v. Galie,* 207 F.3d 130 (2d Cir.2000). Given plaintiff's propensity to file frivolous litigation in courts across this country, it is not difficult to find at least "three strikes" including, but not limited to *Demos v. Greenspan,* Slip Opinion, 96–CV1826 (Aug. 5, 1996) (D.D.C.); *Demos v. John Doe, et. al.,* Slip Opinion, 3:94CV2719 (Dec. 19, 1994) (N.D.Tex); *Demos v. Shalala,* 1994 WL 238840 (D.D.C.1994); *Demos v. United States,* 927 F.2d 608 (9th Cir.1991); *Demos v. Browning,* 943 F.2d 55 (9th Cir. 1991); *Demos v. Crossland,* 967 F.2d 585 (9th Cir.1992); *Demos v. Time Magazine,* 977 F.2d 588 (9th Cir.1992); *Demos v. Kincheloe,* 563 F.Supp. 30, 31 (E.D.Wa. 1982); *Demos v. United States District Court for the Eastern District of Washington,* 925 F.2d 1160 (9th Cir.1991). Therefore, prior to filing this lawsuit, plaintiff filed three or more civil actions which have been found to be frivolous, malicious or fail to state a claim upon which relief may be granted. Moreover, Plaintiff's abuse of his *in forma pauperis* status has resulted in various additional judicially imposed limitations on his ability to file cases and appeals in various federal fora. *See e.g., Demos v. Storrie,* 507 U.S. 290, 113 S.Ct. 1231, 122 L.Ed.2d 636 (1993) (directing the Supreme Court Clerk to reject all future petitions for certiorari in noncriminal matters unless he pays docketing fee); *Demos*

*v. Shalala,* 1994 WL 238840 (D.D.C.1994) (requiring leave of the court before filing any new civil action and certification that complaint raises new issues); *Demos v. United States District Court for Eastern District of Washington, et al.,* 925 F.2d 1160 (9th Cir.1991) (noting that "the district courts in both the Eastern and Western District of Washington have entered standing orders against Demos, under which he must comply with certain prerequisites before being permitted to file actions in forma pauperis").

The only exception to Section 1915(g) is if the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff makes no claim that he faces imminent danger of serious physical injury and after reviewing the allegations contained in plaintiff's complaint, in the Court's judgment, plaintiff's claims do not fall within the "imminent danger" exception. Similarly, plaintiff's argument that Section 1915(g) is violative of the equal protection right guaranteed under the Fifth Amendment[1] is without merit even though the Second Circuit has not addressed this precise issue. *See Rodriguez v. Cook,* 169 F.3d 1176, 1178–1181 (9th Cir.1999) (upholding constitutionality of Section 1915(g) under rational basis analysis notwithstanding inmate's equal protection challenge); *White v. Colorado,* 157 F.3d 1226 (10th Cir.) *cert. denied,* 526 U.S. 1008, 119 S.Ct. 1150, 143 L.Ed.2d 216 (1999); *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.) *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1028, 143 L.Ed.2d 38 (1999); *Rivera v. Allin,* 144 F.3d 719 (11th Cir.) *cert. denied,* 524 U.S. 978, 119 S.Ct. 27, 141 L.Ed.2d 787 (1998); *Carson v. Johnson,* 112 F.3d 818, 821–823 (5th Cir.1997). *But see Ayers v. Norris,* 43 F.Supp.2d 1039 (D.Ark.1999) (finding Section 1915(g) was not narrowly tailored to meet problem ad-

---

**1.** Although plaintiff asserts his equal protection claim under the Fourteenth Amendment, it is more properly construed under the Fifth Amendment since Section 1915(g) is a federal statute. Nonetheless, "the standards for analyzing equal protection claims under either amendment are identical." *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997) (finding that another section of the PLRA requiring prisoners to pay filing fee did not deny prisoner access to courts).

dressed by Congress and thus unconstitutional).

Therefore, Defendant's Motion to Dismiss this action under Section 1915(g) is GRANTED. *See McFadden v. Parpan, et al.,* 16 F.Supp.2d 246 (E.D.N.Y.1998) (dismissing action where court subsequently realized *in forma pauperis* status had been improvidently granted). Accordingly, plaintiff's complaint is dismissed without prejudice. If plaintiff elects to institute new proceedings, he must pay applicable filing fees and service costs. All pending motions in the instant action [Docs. # 48 & # 49] are denied as moot. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.