**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ROBERT DEMOS, Jr., | No. 20-35394 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-05062-TOR |
| v. | |
| DONALD HOLBROOK, WSP Superintendent; JANE DOE, Indeterminate Sentence Review Board Chairperson, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Washington state prisoner John Robert Demos, Jr. appeals pro se from the

district court's order administratively closing his 42 U.S.C. § 1983 action alleging

deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for an abuse of discretion the district court's denial of leave to proceed in forma pauperis ("IFP") and dismissal pursuant to a contempt order. *In Re Fillbach*, 223 F.3d 1089, 1090 (9th Cir. 2000); *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We vacate and remand.

The district court denied IFP and administratively closed Demos's action under the Eastern District of Washington's contempt order completely barring Demos from filing civil actions within the district. *See Demos v. U.S. Dist. Ct. for East. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (confirming that the Eastern and Western Districts of Washington have entered final prefiling orders against Demos restricting Demos's permission to file certain actions); *Demos v. McNichols*, No. 91-CV-00027-LRS (E.D. Wash. Aug. 26, 1991) (issuing contempt order barring Demos from initiating actions in the Eastern District of Washington). While the contempt order does not specify an "imminent danger" exception, and pre-dates the Prison Litigation Reform Act, the district court seems to have construed the contempt order to include such an exception. *See* 28 U.S.C. § 1915(g). Demos alleged in the complaint that prison officials failed to treat infected persons, require social distancing, or provide testing for staff, visitors, and incarcerated persons, during the coronavirus pandemic. Although we take no position on the merits or mootness of Demos's allegations, Demos plausibly alleged imminent danger of serious physical injury. *See Williams v. Paramo*, 775

20-35394

F.3d 1182, 1190 (9th Cir. 2015) (requiring the court to construe liberally a prisoner's "facial allegations" and determine if the complaint "makes a plausible allegation" of imminent danger); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052, 1055 (9th Cir. 2007) (discussing the standard of review for, and the interpretation and application of, the imminent danger exception to § 1915(g)). We vacate the dismissal order and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court because they are not part of the record on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**VACATED and REMANDED.**